UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**03 - 11968 GAO**

MARY COATES, Individually and
p.p.a. LAUREN NICHOLSON  MAGISTRATE JUDGE _____
      Plaintiff,
          :
v.                                        :      C.A. No.

DUFFER'S GOLF CENTER, INC.
JOHN DOE, ALIAS, JANE DOE, ALIAS  :    AMOUNT $150
JOHN DOE CORPORATION, ALIAS        SUMMONS ISSUED
      Defendants.                         :    LOCAL RULE 4.1
                                                WAIVER FORM
                                                MCF ISSUED
                   **COMPLAINT**      BY DPTY. CLK.
                                                    DATE 10-9-03

### GENERAL ALLEGATIONS

1. Plaintiffs, Mary Coates and Lauren Nicholson, are citizens and residents of Providence, Rhode Island. Plaintiff Mary Coates ("Coates") is the mother and natural guardian of Plaintiff, Lauren Nicholson ("Nicholson"), a minor, born March 6, 1990.

2. The Defendant, Duffer's Golf Center, Inc. ("Duffer's Golf") was and is a duly organized and constituted, Massachusetts corporation, with a principal place of business therein. Duffer's Golf operates a golf driving range, open to the public, located at 15 Hospital Road in Monson, Massachusetts.

3. Defendants, John Doe, Alias and Jane Doe, Alias (hereinafter "Does") are, upon information and belief, citizens and residents of the commonwealth of Massachusetts. The true names of Defendants are unknown to Plaintiffs, who consequently sue such Defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state Defendants' true names when such have been ascertained. At all times mentioned herein, said Defendants were agents, apparent agents, and/or employees of Duffer's Golf Center, Inc.

1

4. Defendant John Doe Corporation, Alias upon information and belief, is a corporation existing under the laws of the Commonwealth of Massachusetts with a principal place of business therein. The true name of the Defendant John Doe Corporation is unknown to Plaintiffs, who consequently sue such Defendant by said fictitious name. Plaintiffs will seek leave to amend their Complaint to state Defendant John Doe Corporation's true name when such has been ascertained. At all times mentioned herein, said Defendants were the owners/operators of Duffer's Golf Center, Inc.

5. At all material times, Plaintiff Nicholson exercised due care for her safety and that of others.

6. On or about August 8, 2002, Plaintiff Nicholson accompanied her father, Christopher Nicholson, to the Defendant golf range.

7. While watching her father hit golf balls from a location designed for spectators, Plaintiff Nicholson was struck in the eye with a golf ball, causing severe and permanent injuries.

## JURISDICTION

8. Jurisdiction before this Federal Court is based on the diversity of citizenship of the parties; this matter satisfies the requirements of and is permitted pursuant to 28 U.S.C. § 1332.

## COUNT I
### Negligence – Duffer's Golf Center, Inc.

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 7 of the General Allegations as if set forth fully at length herein.

2

2.  Defendant Duffer's Golf, through its agents, servants, employees and partners, owed a duty to Plaintiff Nicholson and others to use reasonable care in the design, operation and maintenance, of its driving range to prevent balls from striking spectators in those parts of the premises set aside for spectators.

3.  Defendant Duffer's Golf, through its agents, servants, employees and partners, further owed a duty to Plaintiff Nicholson and others to erect, maintain and inspect its safety screens and/or barriers so as to provide reasonable protection for spectators.

4.  Plaintiff Nicholson's injuries and damages, as afore-described, were the direct and proximate result of the Defendant's negligence, including, in particular, that Defendant Duffer's Golf:

    a.  failed to properly design its driving range to prevent balls from striking spectators in a location of the premises set aside for spectators;

    b.  failed to erect and maintain a proper screen or other barrier for safety and protection of spectators when it knew or should have known was likely to result in serious injuries to others, especially children;

    c.  intentionally, carelessly, willfully, wantonly, and knowingly, created and maintained an inherently dangerous condition in an area where it knew such condition, or in the exercise of due diligence should have known, was likely to result in serious injuries to others, especially children;

    d.  created an attractive nuisance likely to attract young children and likely to result in serious injuries to such children;

    e.  intentionally, carelessly, willfully, wantonly, and knowingly failed to comply with all applicable laws, ordinances, rules, and regulations of the Town of Monson and of the Commonwealth of Massachusetts for safety of persons at golf driving ranges;

    f.  knew, or in the exercise of due care should have known, that the public would be in the vicinity of the person striking the golf ball and it failed to warn such persons including the plaintiff of the danger of being struck by golf balls and failed to take other steps to safeguard such persons from said danger;

    g.  failed to exercise reasonable care to protect plaintiff from being struck by a golf ball;

    h.    failed through ordinary and reasonable observation and inspection of its recreational facility, to discover that the safety screen(s) were defective, had holes in them and were hidden from Plaintiff Nicholson's reasonable and responsive view.

5. By reason of the foregoing, Plaintiff Nicholson has incurred, among other things, loss of vision in her left eye, and suffered and will continue to suffer physical injuries and damages of a psychological and emotional nature.

6. By reason of the foregoing, certain injuries and damages to Plaintiff are permanent, permanently disabling, permanently disfiguring, and permanently painful.

7. By reason of the foregoing, Plaintiff has suffered, and in the future will suffer physical injuries and physical pain and suffering, mental anguish, disability, and impairment of earning capacity;

8. By reason of the foregoing, Plaintiff Coates has incurred and will continue to incur expenses for medical, hospital, surgical and physiotherapy care and treatment for Plaintiff Nicholson, and has incurred and will continue to incur expenses for vocational rehabilitation care and treatment for Plaintiff Nicholson.

9. By reason of the foregoing, Plaintiff Nicholson's ability to enjoy a full and useful life has been impaired and will continue to be so impaired in the future.

10. By reason of the foregoing, Plaintiff Coates has been deprived of the services, affection, society, and comfort of her daughter, Lauren Nicholson.

WHEREFORE, Plaintiffs, Mary Coates, individually and as p.p.a of Lauren Nicholson, demand judgment against the Defendant, Duffer's Golf Center, Inc., in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court and whatever further relief this Honorable Court deems just.

4

## COUNT II
### Vicarious Liability – Duffer's Golf Center, Inc.

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 7 of the General Allegations and Count I as if set forth fully at length herein.

2. Defendants John and Jane Doe, Alias, are employees, agents, apparent agents, and/or servants of Defendant Duffer's Golf and were acting within the scope of their employment or agency at all times relevant hereto.

3. Defendant Duffer's Golf was at all relevant times responsible for the acts of its employees, agents, apparent agents, and/or servants including, but not limited to, the acts of Defendants John and Jane Doe, Alias, as set forth above.

WHEREFORE, Plaintiffs, Mary Coates, individually and as p.p.a of Lauren Nicholson, demand judgment against the Defendants, Duffer's Golf Center, Inc., in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court and whatever further relief this Honorable Court deems just.

## COUNT III
### Negligence – John Doe, Alias and Jane Doe, Alias

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 7 of the General Allegations as if set forth fully at length herein.

2. Defendants Doe, as employees, agents, apparent agents, servants and/or partners of Defendant Duffer's Golf, owed a duty to Plaintiff Nicholson and others to reasonably maintain the premises free from defects which would pose an unreasonable risk of harm to others, and in particular, to erect, maintain and inspect Duffer's Golf's safety screens and/or barriers so as to provide reasonable protection for spectators.

3. Plaintiff Nicholson's injuries and damages, as afore-described, were the direct and proximate result of the Defendants' negligence, in that they:

    a. failed to erect and maintain a proper screen or other barrier for safety and protection of spectators when it knew or should have known was likely to result in serious injuries to others, especially children;

    b. intentionally, carelessly, willfully, wantonly, and knowingly, created and maintained an inherently dangerous condition in an area where it knew such condition, or in the exercise of due diligence should have known, was likely to result in serious injuries to others, especially children;

    c. created an attractive nuisance likely to attract young children and likely to result in serious injuries to such children;

    d. intentionally, carelessly, willfully, wantonly, and knowingly failed to comply with all applicable laws, ordinances, rules, and regulations of the Town of Monson and of the Commonwealth of Massachusetts for safety of persons at golf driving ranges;

    e. knew, or in the exercise of due care should have known, that the public would be in the vicinity of the person striking the golf ball and it failed to warn such persons including the plaintiff of the danger of being struck by golf balls and failed to take other steps to safeguard such persons from said danger;

    f. failed to exercise reasonable care to protect plaintiff from being struck by a golf ball;

    g. failed through ordinary and reasonable observation and inspection of its recreational facility, to discover that the safety screen(s) were defective, had holes in them and were hidden from Plaintiff Nicholson's reasonable and responsive view.

4. By reason of the foregoing, Plaintiff Nicholson has incurred, among other things, loss of vision in her left eye, and suffered and will continue to suffer physical injuries and damages of a psychological and emotional nature.

5. By reason of the foregoing, certain injuries and damages to Plaintiff are permanent, permanently disabling, permanently disfiguring, and permanently painful.

6. By reason of the foregoing, Plaintiff has suffered, and in the future will suffer physical injuries and physical pain and suffering, mental anguish, disability, and impairment of earning capacity;

6

7. By reason of the foregoing, Plaintiff Coates has incurred and will continue to incur expenses for medical, hospital, surgical and physiotherapy care and treatment for Plaintiff Nicholson, and has incurred and will continue to incur expenses for vocational rehabilitation care and treatment for Plaintiff Nicholson.

8. By reason of the foregoing, Plaintiff Nicholson's ability to enjoy a full and useful life has been impaired and will continue to be so impaired in the future.

9. By reason of the foregoing, Plaintiff Coates has been deprived of the services, affection, society, and comfort of her daughter, Lauren Nicholson.

WHEREFORE, Plaintiffs, Mary Coates, individually and as p.p.a of Lauren Nicholson, demand judgment against the Defendant, John and Jane Doe, Alias', in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court and whatever further relief this Honorable Court deems just.

## COUNT IV
### Negligence – John Doe Corporation

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 7 of the General Allegations as if set forth fully at length herein.

2. Defendant John Doe Corporation, through its agents, servants, employees and partners, owed a duty to Plaintiff Nicholson and others to use reasonable care in the design, operation, and maintenance of its driving range to prevent balls from striking spectators in those parts of the premises set aside for spectators.

3. Defendant John Doe Corporation, through its agents, servants, employees and partners, further owed a duty to Plaintiff Nicholson and others to erect, maintain and inspect its safety screens and/or barriers so as to provide reasonable protection for spectators.

4. Plaintiff Nicholson's injuries and damages, as afore-described, were the direct and proximate result of the Defendant's negligence, including, in particular, that Defendant John Doe Corporation:

    a. failed to properly design its driving range to prevent balls from striking spectators in a location of the premises set aside for spectators;

    b. failed to erect and maintain a proper screen or other barrier for safety and protection of spectators when it knew or should have known was likely to result in serious injuries to others, especially children;

    c. intentionally, carelessly, willfully, wantonly, and knowingly, created and maintained an inherently dangerous condition in an area where it knew such condition, or in the exercise of due diligence should have known, was likely to result in serious injuries to others, especially children;

    d. created an attractive nuisance likely to attract young children and likely to result in serious injuries to such children;

    e. intentionally, carelessly, willfully, wantonly, and knowingly failed to comply with all applicable laws, ordinances, rules, and regulations of the town of Monson and of the Commonwealth of Massachusetts for safety of persons at golf driving ranges required by law;

    f. knew, or in the exercise of due care should have known, that the public would be in the vicinity of the person striking the golf ball and it failed to warn such persons including the plaintiff of the danger of being struck by golf balls and failed to take other steps to safeguard such persons from said danger;

    g. failed to exercise reasonable care to protect plaintiff from being struck by a golf ball;

    h. failed, through ordinary and reasonable observation and inspection of its recreational facility, to discover that the safety screen(s) were defective, had holes in them and were hidden from Plaintiff Nicholson's reasonable and responsive view.

5. By reason of the foregoing, Plaintiff Nicholson has incurred, among other things, loss of vision in her left eye, and suffered and will continue to suffer from physical injuries and damages of a psychological and emotional nature.

6. By reason of the foregoing, certain injuries and damages to Plaintiff are permanent, permanently disabling, permanently disfiguring, and permanently painful.

8

7. By reason of the foregoing, Plaintiff has suffered, and in the future will suffer physical injuries and physical pain and suffering, mental anguish, disability, and impairment of earning capacity;

8. By reason of the foregoing, Plaintiff Coates has incurred and will continue to incur expenses for medical, hospital, surgical and physiotherapy care and treatment for Plaintiff Nicholson, and has incurred and will continue to incur expenses for vocational rehabilitation care and treatment for Plaintiff Nicholson.

9. By reason of the foregoing, Plaintiff Nicholson's ability to enjoy a full and useful life has been impaired and will continue to be so impaired in the future.

10. By reason of the foregoing, Plaintiff Coates has been deprived of the services, affection, society, and comfort of her daughter, Lauren Nicholson.

WHEREFORE, Plaintiffs, Mary Coates, individually and as p.p.a of Lauren Nicholson, demand judgment against the Defendant, John Doe Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court and whatever further relief this Honorable Court deems just.

### COUNT V
### Vicarious Liability – John Doe Corporation

1. Plaintiffs hereby incorporate by reference Paragraphs 1 through 7 of the General Allegations and Count IV as if set forth fully at length herein.

2. Defendants John and Jane Doe, Alias, are employees, agents, apparent agents, and/or servants of Defendant John Doe Corporation and were acting within the scope of their employment or agency at all times relevant hereto.

9

3. Defendant John Doe Corporation was at all relevant times responsible for the acts of its employees, agents, apparent agents and/or servants including, but not limited to, the acts of Defendants John and Jane Doe, Alias, as set forth above.

WHEREFORE, Plaintiffs, Mary Coates, individually and as p.p.a of Lauren Nicholson, demand judgment against the Defendant, John Doe Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court and whatever further relief this Honorable Court deems just.

3. Defendant John Doe Corporation was at all relevant times responsible for the acts of its employees, agents, apparent agents and/or servants including, but not limited to, the acts of Defendants John and Jane Doe, Alias, as set forth above.

WHEREFORE, Plaintiffs, Mary Coates, individually and as p.p.a of Lauren Nicholson, demand judgment against the Defendant, John Doe Corporation, in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court and whatever further relief this Honorable Court deems just.

Plaintiffs,
By their Attorneys,

Amato A. DeLuca (#638548)
**DELUCA & WEIZENBAUM, LTD.**
36 Exchange Terrace
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

Dated: October 1, 2003

PLAINTIFF DEMANDS A TRIAL BY JURY AND
DESIGNATES AMATO A. DELUCA, ESQ. AS TRIAL COUNSEL